UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ERIC TEAGUE                                    CIVIL ACTION NO. 6:16-CV-00416

VS.                                            SECTION P

                                               MAGISTRATE JUDGE HANNA

CLINTON DARDEN, ET AL                          JUDGE ELIZABETH E. FOOTE

REPORT AND RECOMMENDATION

Before the court is a civil rights (42 U.S.C. §1983) complaint filed *in forma pauperis* on March 28, 2016 by *pro se* plaintiff Eric Teague.  Plaintiff is currently incarcerated at the St. Martin Parish Jail, St. Martinville, Louisiana.  He names as defendants Clinton Darden, Brandy Darden, Cristie Gibbens and Patricia Pitchford.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that this complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

Plaintiff is currently awaiting trial in on charges of child pornography, pending in the United States District Court for the Western District of Louisiana. He brings the instant suit against the following: (1) Cristie Gibbens, court-appointed federal public defender, alleging misrepresentation and slander; (2) Patricia Pitchford, investigator with Federal Public Defender's Office, alleging misrepresentation, giving false information, keeping facts from him and forcing him to take a plea bargain; and (3) Clinton Darden and (4) Brandy Darden, parents of the alleged victim in the child pornography case, alleging false arrest, slander and defamation of character.

Plaintiff prays for compensatory damages, for the child pornography charges to be dropped[1] and for Clinton Darden to be fired. [Doc. 7, Paragraph V.]   He also seeks a transfer to another facility. [Doc. 12.]

### *Law and Analysis*

#### *1. Screening*

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court should dismiss the case if at any time it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);  28 U.S.C. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation

---

[1]To the extent plaintiff seeks to have the criminal charges pending against him dropped, such relief is not available under §1983.

omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless,  given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).  Nevertheless, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ].").  The district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

### 2.  State Actor

Plaintiff's Complaint clearly fails to state a claim for which relief may be granted.  "In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law."  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).  In order to prove the deprivation of a right

protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action.  *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995).  In §1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and §1983's 'under color of state law' requirement collapse into a single inquiry. *Id.*" *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Landry v. A-Able Bonding, Inc.*, *supra*, at 203-04 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  Plaintiff has not alleged that Clinton and Brandy Darden, parents of the alleged victim in the criminal case pending against him, are state actors.  As such, to the extent that plaintiff's complaint purports to arise under the provisions of 42 U.S.C. §1983 as to the Dardens, it clearly fails to state a claim for which relief may be granted and is frivolous.

Furthermore, as Assistant Federal Public Defender Cristie Gibbens and her investigator, Patricia Pitchford, are federal rather than state employees, Section 1983 does not apply to them. *Davis v. Mark*, 2013 WL 4044911, *1 (W.D. La. 2013).  A claim that a federal official violated constitutional rights may not be brought under Section 1983,  but may be asserted pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S.Ct. 1999 (1971)). A *Bivens* claim requires a showing that the defendant was a federal officer acting under color of federal law. *Davis, supra*.  Federal public defenders and other attorneys appointed by a federal court to represent

4

a defendant in a federal criminal prosecution are not federal officers for purposes of a *Bivens* type claim. *Id.* They do not act on behalf of the government, but rather serve the public by advancing the undivided interests of their clients. *Id.* (citing *Allred v. McCaughey*, 257 Fed. Appx. 91 (10th Cir.2007)) (collecting cases)*; Cox v. Hellerstein*, 685 F.2d 1098, (9th Cir.1982)**;** *Lay v. Otto*, 2013 WL 588946 (W.D.Ok.2013) (neither federal public defenders nor their investigator were federal officers subject to *Bivens*); and *Sistrunk v. Breedy*, 2011 WL 2976471, n. 6 (E.D.La.2011) ("a federal public defender is neither a state actor for purposes of § 1983 nor a federal officer for purposes of *Bivens* ")). Moreover, it is well established that an action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under § 1983. *Story v. Strother*, 2016 WL 2889090 (W.D. Tex. 2016); (citing *O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972)**;** *Shapley v. Green*, 465 F.2d 874 (5th Cir. 1972). Accordingly, plaintiff has failed to state a claim against Gibbens and Pitchford for which relief may be granted and its claims are frivolous.

### 3. Request for Transfer

Finally, pursuant to a letter to the Court, filed into this matter on April 22, 2016, plaintiff seeks a transfer to a "another facility where I am not locked up 24/7 for no reason of my own." [Doc. 12, p.1.] Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department..." La. R.S.15:824(A).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Plaintiff is not entitled to the relief for which he prays.

Accordingly,

IT IS RECOMMENDED that plaintiff's civil rights complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within 14 (fourteen) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette,  Louisiana, this 2nd  day of June, 2016.


_____

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**